**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

ANTHONY ROMANO,

                             **Plaintiff,**

   vs.                                                    9:17-CV-0137
                                                               (MAD/CFH)

DOCTOR WEINSTOCK; DOCTOR KOOI; DOCTOR
A. CINCOTTA; SUE LENNOX, RN Nurse; REILLY,
RN Nurse; MARY CORYER; CARL J. KOENIGSMANN,
Commissioner/Chief Medical Officer; and G. STANTON,
RN Nurse,

                             **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**ANTHONY ROMANO**
00-A-5352
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **CHRISTOPHER J. HUMMEL, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      Plaintiff *pro se*, an inmate who was, at all relevant times, in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth Amendment when they were deliberately indifferent to his serious medical needs. *See* Dkt. No. 1.

      On January 29, 2018, Defendants filed a motion for summary judgment. *See* Dkt. No. 59.

In their motion, Defendants raised the following arguments: (1) the record evidence fails to demonstrate a cognizable claim of deliberate indifference to a serious medical need; (2) the record evidence fails to demonstrate that Plaintiff has exhausted his administrative remedies with respect to his claims; (3) the record evidence fails to demonstrate that Defendants were personally involved with Plaintiff's medical treatment; and (4) Defendants are entitled to qualified immunity. *See* Dkt. No. 59-11. Attached to their motion, Defendants included a document entitled "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," in which Defendants informed Plaintiff of the consequences of failing to respond to a motion for summary judgment. *See* Dkt. No. 59. The Court also sent Plaintiff the Northern District of New York's standard "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion." *See* Dkt. No. 62. Plaintiff, however, did not oppose the motion.

In a May 29, 2018 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court grant Defendants' motion for summary judgment. *See* Dkt. No. 75. As an initial matter, Magistrate Judge Hummel found that Plaintiff exhausted only four of the eight grievances upon which this suit was based, limiting his allegations to (1) Defendant Weinstock for denying Plaintiff a back brace and x-ray of his right hand, and failing to remove callouses from his foot; (2) Defendant Lennox for forcing Plaintiff to sign a refusal form; (3) Defendant Kooi for denying Plaintiff a back brace; and (4) Defendant Reilley for denying Plaintiff cough syrup. *See id.* at 21-23. Magistrate Judge Hummel also recommended that the Court find that Plaintiff has not demonstrated that Defendants were personally involved in any alleged Eighth Amendment violation. *See id.* at 27-31. Finally, Magistrate Judge Hummel further recommended that the Court find that Plaintiff's deliberate indifference claims against

Defendants Weinstock, Kooi, Cincotta, Lennox, Reilley, and Stanton fail on the merits, and that all Defendants are entitled to qualified immunity. *See id.* at 41, 43-45.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where

3

the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, at *2 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment. *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Having reviewed Magistrate Judge Hummel's May 29, 2018 Report-Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Hummel correctly recommended that the Court should grant Defendants' motion for summary judgment and enter judgment in Defendants' favor. As an initial matter, Plaintiff had only received four CORC

decisions on his eight grievances at the time this action was commenced, and Magistrate Judge Hummel correctly limited the allegations to those contained within the exhausted grievances.

This Court finds no clear error in Magistrate Judge Hummel's finding that Plaintiff has failed to provide evidence from which a fact finder could reasonably conclude that Defendants were deliberately indifferent to his serious medical needs. A claim of inadequate medical care under the Eighth Amendment requires that a prisoner prove "'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The "deliberate indifference" standard consists of both an objective component, which requires the plaintiff to demonstrate that his alleged need is "sufficiently serious," and a subjective component, which requires a showing that the defendant has acted with a "sufficiently culpable state of mind." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Magistrate Judge Hummel correctly found that Defendants had adequately addressed all of the medical complaints that Plaintiff communicated to them. *See* Dkt. No. 75 at 41, 44. A mere disagreement over proper treatment, like found here, does not give rise to an Eighth Amendment claim. *Chance*, 143 F.3d at 703. In addition, Plaintiff's repeated refusals of scheduled treatments prescribed by Defendants indicates that Plaintiff's "treating doctors and nurses were not deliberately indifferent to [his] medical needs." *Nelson v. Deming*, 140 F. Supp. 3d 248, 261 (W.D.N.Y. 2015) (citing *Jones v. Smith*, 784 F.2d 149, 152 (2d Cir. 1986)).

This Court also finds no clear error in Magistrate Judge Hummel's determination that Defendants lacked personal involvement in the alleged constitutional deprivation. Defendants Lennox, Reilley, and Stanton all declared that they had no knowledge of Plaintiff's complaints about the alleged denial of medial treatments, and there is no evidence in the record that would indicate otherwise. Similarly, Defendants Weinstock, Kooi, and Cincotta also declared that

5

Plaintiff did not inform them of the alleged denials, and Plaintiff's medical records confirm this. Defendant Koenigsmann, who holds a supervisory position with the prison system, cannot be found personally involved as Plaintiff has failed to provide evidence that Defendant Koenigsmann received or read Plaintiff's letters. *See Smart v. Goord*, 441 F. Supp. 2d 631, 643 (S.D.N.Y. 2006) ("Commissioner . . . cannot be held liable on the sole basis that he did not act in response to letters of protest sent by [plaintiff] . . . ."). Further, there is no evidence that Defendant Koenigsmann was grossly negligent or deliberately indifferent to Plaintiff's rights. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). The final Defendant, Coryer, cannot be found personally involved as a supervisor because the alleged constitutional violation was not ongoing at the time of her review of Plaintiff's grievances, and, therefore, could not remedy the alleged underlying conduct. *See Harnett v. Barr*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008) ("If the official is confronted with a violation that has already occurred and is not ongoing, then the official will not be found personally responsible for failing to 'remedy' a violation").

Finally, the Court finds that Magistrate Judge Hummel correctly determined that Defendants are entitled to qualified immunity because no reasonable officer in their position would believe that any of the alleged conduct violated Plaintiff's clearly established rights. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

After carefully considering Magistrate Judge Hummel's Report-Recommendation and Order, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Hummel's May 29, 2018 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 10, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge